```
              IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:               )
                                )
RANDY LEE SUKOVATY,             )
                                )      CASE NO. BK03-42434
             Debtor(s).         )              A04-4060
KATHLEEN A. LAUGHLIN, Chapter   )
13 Trustee,                     )
                                )
             Plaintiff,         )      CH. 13
                                )
     vs.                        )
                                )
MAJOR MORTGAGE, INC.; and       )
WASHINGTON MUTUAL HOME LOANS,   )
INC.,                           )
                                )
             Defendants.        )
```

                              ORDER

     This matter is before the court on defendant Washington Mutual Home Loan's motion for summary judgment (Fil. #63) and joinder by defendant Major Mortgage, Inc. (Fil. #71), and objection by the plaintiff (Fil. #73). John Guthery represents plaintiff Kathleen Laughlin, Thomas Ostdiek represents Washington Mutual Home Loans, and John J. Jolley, Jr., represents Major Mortgage. The motion was taken under advisement as submitted without oral arguments.

     The motion is denied.

     This adversary proceeding was filed to recover an avoidable preference under 11 U.S.C. § 547. The debtor had executed and delivered a note and deed of trust to Major Mortgage to refinance his house within 90 days before filing his bankruptcy petition. Defendant Washington Mutual Home Loans purchased the debtor's promissory note to Major Mortgage and received an assignment of the note, deed of trust and rights of servicing. The deed of trust was recorded more than 20 days after the debtor granted the security interest and received the loan. The trustee asserts that the transfer was made for or on account of an antecedent debt and was made while the debtor was insolvent, enabling the defendants to receive more than they would have

under Chapter 7 if the transfer had not been made. The trustee seeks to set aside the defendants' lien or other interest, have the real estate treated as an asset of the estate unencumbered by any lien of the defendants, and have the defendants' claim treated as unsecured.

The defendants have now filed a motion for summary judgment alleging that they were conventionally subrogated to the lien position of the previous mortgage lender and that the debtor was solvent on the date of the allegedly preferential transfer.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

The trustee may avoid a debtor's pre-petition transfer of an interest as a preference if the transfer was made (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) while the debtor is insolvent; (4) within 90 days preceding commencement of the case; and (5) where the creditor receives a greater benefit than it would have received under the distribution provisions of the Bankruptcy Code. 11 U.S.C. § 547(b).

The debtor is presumed to be insolvent during the 90 days preceding the petition date. § 547(f). To rebut the presumption, the creditor must come forward with some evidence – not substantial evidence — of solvency. Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.), 313 B.R. 812, 817-18 (Bankr. E.D. Ark. 2004) (citing Clay v. Traders Bank, 708 F.2d 1347, 1351 (8th Cir. 1983)). The evidence of solvency should show that on the date of the transfer the sum of the debtor's debts does not exceed the fair value of all of his non-exempt property. § 101(32)(A). A financial statement showing positive net worth is sufficient to rebut the presumption of insolvency. Jones Truck Lines, Inc. v. Full Serv. Leasing Corp., 83 F.3d 253, 258 (8th Cir. 1996).

The debtor purchased this residence in Lincoln, Nebraska, in 1998. He took out the loan at issue here from Major Mortgage to refinance his mortgage in 2003. The previous mortgage was held by Ameriquest, and the balance due was about $255,000. The house was appraised at $300,000 in connection with the loan. On April 25, 2003, the debtor and his fiancée executed a promissory note for $258,900 to Major Mortgage and signed a deed of trust on the property. At the same time, they executed a second loan application in connection with the closing which showed them to have a net worth of $186,215.67.

The loan was immediately sold to Washington Mutual, which took over servicing duties. Major Mortgage caused the deed of trust to be recorded in Lancaster County, Nebraska, on May 21, 2003. The debtor filed a Chapter 7 petition on July 14, 2003. He converted the case to a Chapter 13 in October 2003.

The first element of the avoidance statute which is raised by the parties is the issue of the debtor's insolvency. The defendants rely on the appraisal report of February 4, 2003, valuing the property at $300,000 and on the financial statement prepared in connection with the loan closing showing a positive net worth. The trustee points out that the debtor's bankruptcy schedules value the house at $279,000 and indicate that his liabilities exceeded his assets by some $12,000 at filing. The trustee notes that debtors are required to provide complete, accurate, and reliable information at the commencement of the case so that all parties may adequately evaluate the case and the estate's property may be appropriately administered. Jordan v. Bren (In re Bren), 303 B.R. 610, 614 (B.A.P. 8th Cir. 2004). A debtor's signatures, under penalty of perjury, on a bankruptcy petition, schedules of assets and liabilities, and the statement of financial affairs are written declarations which have the force and effect of oaths. Id. at 613-14. If a debtor schedules inaccurate values, then the administration of the bankruptcy system is compromised.

Solvency is an issue of fact here. The debtor testified at his deposition that he does not know where the $279,000 figure came from. He also testified that the financial statement he and his fiancée submitted to obtain the refinancing contained joint assets and liabilities, and he was unable to tell at the time of the deposition how the assets and liabilities should be divided between them. This raises a significant question as to the debtor's individual solvency status at the time of the transfer, so further evidence will be necessary on that issue.

Washington Mutual also asserts that it stepped into the lien position of the prior lender when it made the refinancing loan and paid off the previous debt. It claims to have been conventionally subrogated to Ameriquest's security position just as though the Washington Mutual/Major Mortgage deed of trust was filed on the same day as the Ameriquest deed of trust.

As the concept is described by the Nebraska Supreme Court:

> Conventional subrogation arises where one pays the debt of another under an agreement, existing at the time of the payment, with either the debtor or the creditor, that the person paying shall be subrogated to the liens existing as security for the debt. It differs from legal subrogation which exists only in favor of the surety for the payment of the debt, or one who is compelled to pay the debt to protect his own rights. Conventional subrogation arises by reason of either an express or an implied agreement between the third person paying the debt and either the debtor or creditor.

Hoppe v. Phoenix Homes, Inc., 211 Neb. 419, 422, 318 N.W.2d 878, 881 (1982).

The court went on to note that "generally, where one pays or advances money to pay a mortgage debt with the understanding that he is to have the benefit of the mortgage, he becomes the holder of the lien by subrogation, although the creditor is not a party to the agreement." Id., 211 Neb. at 423, 318 N.W.2d at 882 (quoting Prudential Ins. Co. v. Qualset, 116 Neb. 706, 709-10, 218 N.W. 734, 735 (1928)).

The primary inquiry in such a case is whether the subsequent loan was made with a mere desire to aid the debtor or whether the loan was made with the expectation of being substituted in the place of the previous lender. American Nat'l Bank v. Clark, 11 Neb. Ct. App. 722, 728-29, 660 N.W.2d 530, 536 (2003).

In Clark, the Court of Appeals quoted a long-standing case which said:

> It is not enough to entitle to subrogation that with the proceeds of [a new] mortgage prior mortgages have been discharged. The real question in all such cases is whether the payment made by the stranger was a loan

-4-

> to the debtor through a mere desire to aid him or whether it was made with the expectation of being substituted in the place of a creditor. If the former is the case, he is not entitled to subrogation; if the latter, he is.

Clark, 660 N.W.2d at 536 (quoting Bohn Sash & Door Co. v. Case, 42 Neb. 281, 298, 60 N.W. 576, 581 (1894)).

However, there generally is no subrogation when the new lender takes a new mortgage to secure the loan, for the reason that "the new security manifests the creditor's intent to rely upon it, rather than upon the old security, which was discharged." Vieira v. Pearce (In re Pearce), 236 B.R. 261, 266 (Bankr. S.D. Ill. 1999) (citing Midlantic Nat'l Bank v. Bridge (In re Bridge), 18 F.3d 195, 201 (3d Cir. 1994)).

Conventional subrogation is an equitable remedy, used in circumstances where another creditor would receive a windfall if the new lender were not subordinated to the prior lien position. It is not intended to subvert a bankruptcy trustee's legitimate and statutory right to recover assets of the bankruptcy estate.

IT IS ORDERED Washington Mutual Home Loan's motion for summary judgment (Fil. #63) is denied.

DATED:   May 2, 2005

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    John Guthery    John J. Jolley, Jr.
    *Thomas Ostdiek   U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.